UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT LANEY                                                CIVIL ACTION

VERSUS                                                      NUMBER: 13-4968

AQUEOS CORPORATION                                          SECTION: "A"(5)

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Compel (Rec. doc. 14), which seeks a second deposition of witness, Michael Slattery, an employee of Defendant, Aqueos Corporation ("Aqueos"). The basis for Plaintiff's request is his counsel's allegation that certain newly discovered "proof" establishes (in counsel's view) that Mr. Slattery provided "false testimony" in his original deposition. Plaintiff wishes to (1) re-depose Mr. Slattery on issues implicated by this newfound impeachment material and (2) do so without first providing Aqueos's counsel (and, presumably, Mr. Slattery) with that material.

Aqueos opposes Plaintiff's efforts to re-depose Mr. Slattery and withhold the subject impeachment material until after he has had the opportunity to confront Mr. Slattery with said material. In particular, Aqueos argues that, even if the

second deposition goes forward, its counsel should be provided with the subject impeachment material prior to that deposition.

The Court has thus far held two telephone conferences regarding Plaintiff's Motion. During the first such conference, the Court ordered Plaintiff's counsel to provide the "proof" relied upon by Plaintiff for the Court's *in camera* review. During the second conference (and after the parties had submitted briefs setting forth their respective positions), the Court heard further argument and indicated that it would issue a written ruling on the dispute.

The Court has reviewed the documents *in camera*, along with an affidavit executed May 30, 2014, by the Plaintiff, Robert Laney, in which he states that he personally transmitted the material to his counsel only three days prior.[1] Additionally, the Court has reviewed Aqueos's opposition and has conducted its own research concerning (1) the request to re-depose Mr. Slattery and (2) the request to withhold the impeachment material pending that deposition. Based on its review of all of the foregoing material, it is the Court's view that Plaintiff has shown good cause to re-depose Mr. Slattery, based, not upon the impeachment character of the evidence, but on the Plaintiff's representation that the evidence was unknown to counsel prior to the original deposition of Mr. Slattery. The Court believes Plaintiff should have the opportunity to question Mr. Slattery concerning this newfound material.

---

[1] Somewhat complicating matters, Mr. Laney's affidavit states that he sent the material to counsel on **May 27, 2012**. The Court believes that date – or at least the year, 2012 – to have been written in error and that Plaintiff intended to state that he sent the material on **May 27, 2014**. First, in the aforementioned telephone hearings, Plaintiff's counsel repeatedly stated that he received the materials from his client on May 27, 2014. Second, Plaintiff's accident that is the subject of this case occurred in July of 2012, meaning material germane to the accident could not have been created or sent in May 2012, two weeks before the accident happened.

2

Whether Plaintiff may withhold the subject evidence pending that second deposition is another matter. In this vein, Rule 26(3)(C) of the Federal Rules of Civil Procedure provides that "[a]ny party **or other person** may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter." The Fifth Circuit has held this language to be mandatory and has further held that a court's refusal to order production of such material upon request to be erroneous. *Miles v. M/V Mississippi Queen*, 753 F.2d 1349, 1350 (5th Cir. 1985); *accord Vinet v. F&L Marine Management, Inc.*, No. 04-CV-0594, 2004 WL 3312007 (E.D.La. Apr. 29, 2004) (Wilkinson, M.J.). Having reviewed the subject material, the Court finds it to fall within the ambit of Rule 26(3)(C).

While there have been limited cases from this court in which a party holding material akin to the subject material here has been allowed to withhold that material until after the deposition of the person sought to be impeached, those decisions are unpersuasive in these circumstances, for the same reasons articulated by the court in *Vinet*. *See Vinet*, 2004 WL 3312007, at *4. Most notable here is the fact that the subject witness, Mr. Slattery, has already given one deposition, during which Plaintiff's counsel obtained testimony he now believes will allow him to impeach the witness. As was the case in *Miles*, Plaintiff here has "preserved the dramatic impeachment value of the prior statements," such that production of those statements prior to the next deposition is required.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Compel a second deposition of Mr. Slattery is GRANTED and that said deposition is to take place on or before June 6, 2014. The second deposition is to be limited in scope to those matters addressed in the

impeachment materials recently obtained by Plaintiff's counsel that give rise to his Motion. IT IS FURTHER ORDERED that, prior to the second deposition of Mr. Slattery, counsel for Plaintiff is to produce to counsel for Aqueos all materials previously presented to the Court for *in camera* review.

New Orleans, Louisiana, this  3rd  day of June, 2014.

                                            MICHAEL B. NORTH
                                   UNITED STATES MAGISTRATE JUDGE